IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

BENJAMIN EDWARD WATKIN and SHARON
ELIZABETH WATKIN, Husband and Wife,
Individually and as Parents and Guardians of
HRW, a Minor, EHW, a Minor,
JWW, a Minor, JMW, a Minor, and
LRW, a Minor,

       Residents and Citizens of the
       State of Colorado,

         Plaintiffs,

v.

BETHANY CHRISTIAN SERVICES,
a Michigan Corporation, BETHANY CHRISTIAN
SERVICES, INC., a Michigan Corporation,
BETHANY CHRISTIAN SERVICES OF
MICHIGAN, a Michigan Corporation, BETHANY
CHRISTIAN SERVICES, USA, LLC, a Michigan
Limited Liability Company, BETHANY CHRISTIAN
SERVICES GLOBAL, LLC, a Michigan
Limited Liability Company, and BETHANY
CHRISTIAN SERVICES INTERNATIONAL, INC.,
a Michigan Corporation,

       Defendants.

Case No.: 1:21-cv-00127-HYJ-RSK
Hon.: Hala Y. Jarbou
Magistrate: Judge Ray Kent

_____

KEVIN A. RYNBRANDT (P46699)
Rynbrandt & Associates, PLLC
Attorney for Plaintiffs
1000 Front Avenue N.W.
Grand Rapids, MI 49504
Ph: (616) 915-9266
Fax: (616) 451-0860
Email: kar@rynbrandt.com

CAMERON R. GETTO (P57300)
Zausmer, P.C.
Attorney for Defendants
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
Ph: (248) 851-4111
Fax: (248) 851-0100
Email: cgetto@zausmer.com

_____

## **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

      NOW COME the Defendants, BETHANY CHRISTIAN SERVICES, a Michigan

Corporation, BETHANY CHRISTIAN SERVICES, INC., a Michigan Corporation, BETHANY

CHRISTIAN SERVICES OF MICHIGAN, a Michigan Corporation, BETHANY CHRISTIAN SERVICES, USA, LLC, a Michigan Limited Liability Company, BETHANY CHRISTIAN SERVICES GLOBAL, LLC, a Michigan Limited Liability Company, and BETHANY CHRISTIAN SERVICES INTERNATIONAL, INC., a Michigan Corporation ("Defendants"), by and through their attorneys, ZAUSMER, P.C., and for their Answer to Plaintiffs' First Amended Verified Complaint, state as follows:

1.       Plaintiffs, the Watkins, are husband and wife.  They were married on September 3, 2011.

**ANSWER:       In answer to Paragraph 1, Defendants admit the allegations contained therein.**

2.       The Watkins resided in Kent County, Michigan, from August 2014 through June 1, 2020.

**ANSWER:    In answer to Paragraph 2, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

3.       In June 2020, the Watkins moved to Colorado, and they are currently residents and citizens of the State of Colorado.

**ANSWER: In answer to Paragraph 3, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

4.       The Watkins are the parents and guardians of their minor daughter, HRW ("HRW").  HRW was born MV in 2007.  HRW was adopted by the Watkins on February 6, 2018.  Her name was changed from MV to HRW on the same date.

**ANSWER: In answer to Paragraph 4, Defendants admit the allegations contained therein.**

5.	The Watkins are the parents and guardians of their minor son, EHW ("EHW"). EHW was born in 2013.

**ANSWER:  In answer to Paragraph 5, Defendants admit the allegations contained therein.**

6.	The Watkins are the parents and guardians of their minor son, JWW ("JWW"). JWW was born in 2014.

**ANSWER: In answer to Paragraph 6, Defendants admit the allegations contained therein.**

7.	The Watkins are the parents and guardians of their minor daughter, JMW ("JMW"). JMW was born in 2017.

**ANSWER: In answer to Paragraph 7, Defendants admit the allegations contained therein.**

8.	The Watkins are the parents and guardians of their minor daughter, LRW ("LRW").  LRW was born in 2019.

**ANSWER: In answer to Paragraph 8, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

9.	On information and belief, Defendant, Bethany Christian Services, is an adoption agency licensed by the State of Michigan; Bethany Christian Services is incorporated under the laws of the State of Michigan and provides adoption services for children and families; and Bethany Christian Services' office and principal place of business are located at 901 Eastern Avenue, NE, Grand Rapids, Michigan 49501.

**ANSWER: In answer to Paragraph 9, Defendants deny the allegations in the manner and form stated.  It is admitted that Bethany is licensed in Michigan and that it is located in Grand Rapids.**

10.	On information and belief, Defendant, Bethany Christian Services, Inc., is an adoption agency licensed by the State of Michigan; Bethany Christian Services, Inc., is

incorporated under the laws of the State of Michigan and provides adoption services for children and families; and Bethany Christian Services, Inc.'s office and principal place of business are located at 901 Eastern Avenue, NE, Grand Rapids, Michigan 49501.

**ANSWER: In answer to Paragraph 10, Defendants deny the allegations in the manner and form stated. It is admitted that Bethany is licensed in Michigan and that it is located in Grand Rapids.**

11. On information and belief, Defendant, Bethany Christian Services of Michigan is an adoption agency licensed by the State of Michigan; Bethany Christian Services of Michigan is incorporated under the laws of the State of Michigan and provides adoption services for children and families; and Bethany Christian Services of Michigan's office and principal place of business are located at 901 Eastern Avenue, NE, Grand Rapids, Michigan 49501.

**ANSWER: In answer to Paragraph 11, Defendants deny the allegations in the manner and form stated. It is admitted that Bethany is licensed in Michigan and that it is located in Grand Rapids.**

12. On information and belief, Defendant, Bethany Christian Services USA, LLC:

    a. is an adoption agency licensed by the State of Michigan;
    b. was formed and exists as a limited liability company under the laws of the State of Delaware;
    c. has an office located at 901 Eastern Avenue, NE, Grand Rapids, Michigan 49503, and operates its principal place of business at that location;
    d. has one member, and that member is Bethany Christian Services; and
    e. Bethany Christian Services, the sole member of Bethany Christian Services USA, LLC, is a citizen of the State of Michigan as it is incorporated in the State of Michigan and has its principal place of business located in the State of Michigan.

**ANSWER: In answer to Paragraph 12, Defendants admit the allegations contained therein.**

13. On information and belief, Defendant, Bethany Christian Services Global, LLC:

    a. is an adoption agency licensed by the State of Michigan;
    b. was formed and exists as a limited liability company under the laws of the State of Delaware;

c. has an office located at 901 Eastern Avenue, NE, Grand Rapids, Michigan 49503, and operates its principal place of business at that location;

d. has one member, and that member is Bethany Christian Services; and

e. Bethany Christian Services, the sole member of Bethany Christian Services Global, LLC, is a citizen of the State of Michigan as it is incorporated in the State of Michigan and has its principal place of business located in the State of Michigan.

**ANSWER: In answer to Paragraph 13, Defendants admit the allegations contained therein.**

14. On information and belief, Defendant, Bethany Christian Services International, Inc., is an adoption agency licensed by the State of Michigan; Bethany Christian Services International, Inc., is incorporated under the laws of the State of Michigan and provides adoption services for children and families; and Bethany Christian Services International, Inc.'s office and principal place of business are located at 901 Eastern Avenue, NE, Grand Rapids, Michigan 49501.

**ANSWER: In answer to Paragraph 14, Defendants deny the allegations in the manner and form stated. It is admitted that Bethany is licensed in Michigan and that it is located in Grand Rapids.**

15. On information and belief, at all times relevant hereto, Bethany Christian Services, Bethany Christian Services, Inc., Bethany Christian Services of Michigan, Bethany Christian Services USA, LLC, Bethany Christian Services Global, LLC, and Bethany Christian Services International, Inc., acted together and/or as agents of each other with respect to all actions complained of herein, and Bethany Christian Services, Bethany Christian Services, Inc., Bethany Christian Services of Michigan, Bethany Christian Services USA, LLC, Bethany Christian Services Global, LLC, and Bethany Christian Services International, Inc., all undertook and breached duties to the Watkins as set forth below. Hereinafter, Bethany Christian Services, Bethany Christian Services, Inc., Bethany Christian Services of Michigan, Bethany Christian

Services USA, LLC, Bethany Christian Services Global, LLC, and Bethany Christian Services International, Inc., shall be referred to collectively as "Bethany."

**ANSWER: In answer to Paragraph 15, Defendants deny the allegations contained therein.**

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional limits of this Court.

**ANSWER: In answer to Paragraph 16, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

17. Bethany, at all times relevant hereto, was acting by and through its employees, officers, agents, representatives, and/or directors.

**ANSWER: In answer to Paragraph 17, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

18. Bethany advertises and promotes itself to the public as having expertise in the field of adoptions.

**ANSWER: In answer to Paragraph 18, Defendants admit the allegations contained therein.**

19. Bethany also advertises and promotes itself to the public as having expertise in the field of foster placement of children.

**ANSWER: In answer to Paragraph 19, Defendants admit the allegations contained therein**

20. Prior to knowing of and meeting HRW, the Watkins had learned of the services of Bethany through Bethany's advertisements and promotions.

**ANSWER: In answer to Paragraph 20, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

21.     The Watkins applied to become foster parents with Bethany in 2015-2016.

**ANSWER: In answer to Paragraph 21, Defendants admit the allegations contained therein.**

22.     Bethany directed the Watkins to complete a Foster Application, and the Watkins did so.

**ANSWER: In answer to Paragraph 22, Defendants deny the allegations in the manner and form stated.**

23.     Through the completed Foster Application, the Watkins specified, among other things, that they would not be in a position to foster a child with sexual behavior or other high risk issues.

**ANSWER: In answer to Paragraph 23, Defendants deny the allegations contained therein.**

24.     The Watkins requested a copy of the completed Foster Application from Bethany on multiple occasions.

**ANSWER: In answer to Paragraph 24, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

25.     However, Bethany has failed to provide the Watkins with a copy of the Foster Application as of the date of the filing of this Verified Complaint.

**ANSWER: In answer to Paragraph 25, Defendants deny the allegations in the manner and form stated.**

26.     Bethany placed HRW as a foster child in the Watkins' home in Kent County, Michigan, on or about August 1, 2016.

**ANSWER: In answer to Paragraph 26, Defendants deny the allegations in the manner and form stated.**

27.     Prior to this placement, HRW had been placed in another foster care home by Bethany from approximately March 2016 through July 2016.  During that time, HRW exhibited sexually problematic and other high risk behavior toward other family members in the foster home.  The foster parents recommended to Bethany that HRW no longer be placed in foster homes with young children.  Bethany revealed none of these facts to the Watkins at any point in time and proceeded to place HRW in the Watkins' home knowing that the Watkins had in their home their sons, EHW, age 3 at the time, and JWW, age 2 at the time.

**ANSWER: In answer to Paragraph 27, Defendants deny the allegations in the manner and form stated.**

28.     Contrary to the Watkins' specification in the aforementioned Foster Application and unbeknownst to the Watkins, Bethany placed a child with -- among other high risk psychological and behavioral issues -- sexual behavior issues with the Watkins for foster care. This child was HRW.

**ANSWER: In answer to Paragraph 28, Defendants deny the allegations contained therein.**

29.     Bethany had a psychological evaluation of HRW completed on April 20, 2016.

**ANSWER: In answer to Paragraph 29, Defendants deny the allegations in the manner and form stated.**

30.     The April 20, 2016 psychological evaluation documented that HRW suffered from clinically significant issues related to sexual abuse.

**ANSWER: In answer to Paragraph 30, Defendants admits as a partial description of the evaluation.**

31.     Bethany informed the Watkins of the existence of this April 20, 2016 psychological evaluation on multiple occasions, including, but not limited to, on March 13, 2017, but, in so informing the Watkins, Bethany never disclosed any of the substance from the April 20, 2016 psychological evaluation.

**ANSWER: In answer to Paragraph 31, Defendants deny the allegations contained therein.**

32.     The Watkins requested a copy of the April 20, 2016 psychological evaluation on multiple occasions both prior to and after the Watkins' February 6, 2018 adoption of HRW.

**ANSWER: In answer to Paragraph 32, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

33.     Bethany did not provide the Watkins with a copy of the April 20, 2016 psychological evaluation until January 2021.

**ANSWER: In answer to Paragraph 33, Defendants deny the allegations in the manner and form stated.**

34.     At no time prior to the February 6, 2018 adoption of HRW by the Watkins did Bethany disclose to the Watkins any of the information contained in HRW's April 20, 2016 Psychological Evaluation.

**ANSWER: In answer to Paragraph 34, Defendants deny the allegations contained therein.**

35.     Prior to, at the time of, and subsequent to, the August 1, 2016 placement of HRW as a foster child under the foster care of the Watkins, HRW suffered from deep-rooted psychological and behavioral health and safety issues that were known and/or should have been known to Bethany.

**ANSWER: In answer to Paragraph 35, Defendants deny the allegations in the manner and form stated.**

36.     These deep-rooted psychological and behavioral health and safety issues constituted a severe and debilitating physical, psychological, and emotional threat to HRW, herself, and to others around her, including, but not limited to, other children.

**ANSWER: In answer to Paragraph 36, Defendants deny the allegations in the manner and form stated.**

37.     The fact that these deep-rooted psychological and behavioral health and safety issues constituted a severe and debilitating physical, psychological, and emotional threat to HRW, herself, and to others around her, including, but not limited to, other children was known and/or should have been known to Bethany.

**ANSWER: In answer to Paragraph 37, Defendants deny the allegations in the manner and form stated.**

38.     Prior to placing HRW in the Watkins' home for foster care, Bethany failed to disclose to the Watkins HRW's deep-rooted psychological and behavioral health and safety issues and the accompanying severe and debilitating physical, psychological, and emotional threat that these issues posed to HRW, herself, and to others around her, including, but not limited to, other children.

**ANSWER: In answer to Paragraph 38, Defendants deny the allegations in the manner and form stated.**

39.     Had the Watkins been aware of HRW's deep-rooted psychological and behavioral health and safety issues prior to commencing their foster care of HRW, they would not have taken HRW into their home or agreed to provide foster care for her.

**ANSWER: In answer to Paragraph 39, Defendants deny the allegations in the manner and form stated.**

40.     Had the Watkins been aware of the severe and debilitating physical, psychological, and emotional threat that HRW posed to HRW, herself, and to others around her, including, but not limited to, other children prior to commencing their foster care of HRW, the Watkins would not have taken HRW into their home or agreed to provide foster care for her.

**ANSWER: In answer to Paragraph 40, Defendants deny the allegations in the manner and form stated.**

41.     Had the Watkins been made aware of HRW's deep-rooted psychological and behavioral health and safety issues at any point during their foster care of HRW, they would have terminated the foster care immediately and asked Bethany to remove HRW from their home.

**ANSWER: In answer to Paragraph 41, Defendants deny the allegations in the manner and form stated.**

42.     Had the Watkins been made aware of the severe and debilitating physical, psychological, and emotional threat that HRW posed to HRW, herself, and to others around her, including, but not limited to, other children during their foster care of HRW, the Watkins would have terminated the foster care immediately and asked Bethany to remove HRW from their home.

**ANSWER: In answer to Paragraph 42, Defendants deny the allegations in the manner and form stated.**

43.     During the time that HRW was in the Watkins' home as a foster child, she experienced, among other things, some difficulties completing her homework for school and in following guidance and instruction from adults, and she secretly engaged in destructive self-touching, sexual, and masturbation behaviors.

**ANSWER: In answer to Paragraph 43, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

44.     The Watkins eventually discovered that HRW was engaging in the self-touching, sexual, and masturbation behaviors and lovingly worked to help HRW address those behaviors.

**ANSWER: In answer to Paragraph 44, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

45.     At no point prior to the February 6, 2018 adoption of HRW were the Watkins aware of any sexually-related behaviors by HRW in which HRW involved EHW, JWW, and/or JMW.

**ANSWER: In answer to Paragraph 45, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

46.     The Watkins promptly and repeatedly advised Bethany of any and all difficulties HRW experienced, including, but not limited to, HRW's self-touching, sexual, and masturbation behaviors.   In each instance, the Watkins asked Bethany for help in understanding HRW's behavior and for direction in how to help HRW.

**ANSWER: In answer to Paragraph 46, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

47.     In response to the Watkins' requests for help, Bethany assured the Watkins that HRW was experiencing normal issues associated with being transitioned out of the care of her birth mother and that these issues would "go away."

**ANSWER: In answer to Paragraph 47, Defendants deny the allegations in the manner and form stated.**

48.     In response to the Watkins' requests for help, Bethany assured the Watkins that HRW was not a risk to others.

**ANSWER: In answer to Paragraph 48, Defendants deny the allegations in the manner and form stated.**

49.     Bethany assured the Watkins that HRW was not a risk to others on repeated occasions between August 1, 2016, and February 6, 2018.

**ANSWER: In answer to Paragraph 49, Defendants deny the allegations in the manner and form stated.**

50.     Bethany additionally told the Watkins that HRW's self-touching, sexual, and masturbation behaviors were "self-soothing" actions and that those actions were not cause for concern.  Bethany told the Watkins that HRW's "self-soothing" actions were "normal" and that the Watkins should allow HRW to continue to engage in them.

**ANSWER: In answer to Paragraph 50, Defendants deny the allegations in the manner and form stated.**

51.     Bethany told the Watkins that the foregoing behaviors of HRW were "no big deal" and that "other families had it a lot worse" than the Watkins.

**ANSWER: In answer to Paragraph 51, Defendants deny the allegations in the manner and form stated.**

52.     Bethany told the Watkins that they were completely equipped to care for HRW. Bethany also told the Watkins that they were completely equipped to adopt HRW.

**ANSWER: In answer to Paragraph 52, Defendants deny the allegations in the manner and form stated.**

53.     Bethany made the foregoing statements and assurances to the Watkins about HRW, her condition, and her behaviors both intending that the Watkins rely and act on them and instructing the Watkins to rely and act on them.

**ANSWER: In answer to Paragraph 53, Defendants deny the allegations in the manner and form stated.**

54.     Unbeknownst to the Watkins, Bethany's statements and assurances to the Watkins about HRW, her condition, and her behaviors were false.

**ANSWER: In answer to Paragraph 54, Defendants deny the allegations in the manner and form stated.**

55.     The Watkins relied on Bethany's false statements and assurances in caring for HRW, in forming their understanding of HRW's emotional and psychological condition, and in responding to HRW's behaviors both during the time that HRW was in the Watkins' home as a foster child and in reaching a decision to adopt HRW.

**ANSWER: In answer to Paragraph 55, Defendants deny the allegations in the manner and form stated.**

56.     On multiple occasions between 2016 and February 6, 2018, the Watkins asked Bethany for information on HRW's background and condition, including, but not limited to, a copy of HRW's case file.

**ANSWER: In answer to Paragraph 56, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

57.     Bethany had possession and control of HRW's case file at all times from at least August 1, 2016 through January 2021.

**ANSWER: In answer to Paragraph 57, Defendants deny the allegations in the manner and form stated.**

58.     Bethany did not provide the Watkins with a copy of HRW's case file until April 2018, more than two months after the adoption was completed.

**ANSWER: In answer to Paragraph 58, Defendants deny the allegations in the manner and form stated.**

59.     Bethany did not discuss any of the information contained in HRW's case file with the Watkins at any point in time.

**ANSWER: In answer to Paragraph 59, Defendants deny the allegations contained therein.**

60.     HRW's case file contains extensive documentation of HRW's deep-rooted psychological and behavioral health and safety issues.  In addition, HRW's case file documents that HRW suffers signs of Reactive Attachment Disorder, Dissociative Identity Disorder, Schizophrenia, and other psychological and emotional disorders.

**ANSWER: In answer to Paragraph 60, Defendants deny the allegations in the manner and form stated.**

61.     Documentation of HRW's deep-rooted psychological and behavioral health and safety issues was in Bethany's possession from at least April 20, 2016 through January 2021.

**ANSWER: In answer to Paragraph 61, Defendants deny the allegations in the manner and form stated.**

62.     At all times between August 1, 2016 and January 2021, Bethany knew and/or should have known that HRW posed a threat to herself and to others, including, but not limited to, other children.

**ANSWER: In answer to Paragraph 62, Defendants deny the allegations in the manner and form stated.**

63. During the time that the Watkins were providing foster care for HRW, Bethany encouraged the Watkins to adopt HRW and assured them that HRW's difficulties would "go away once she had the stability of an adoptive family."

**ANSWER: In answer to Paragraph 63, Defendants deny the allegations in the manner and form stated.**

64. At the direction of Bethany, the Watkins completed Bethany's Application for Adoption to commence the process of adopting HRW in late April/Early May 2017.

**ANSWER: In answer to Paragraph 63, Defendants deny the allegations in the manner and form stated.**

65. On information and belief, Bethany required that a pre-adoption assessment of the Watkins and their home situation be completed before the Watkins would be allowed to adopt a child.

**ANSWER: In answer to Paragraph 65, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

66. On information and belief, Bethany did not complete a pre-adoption assessment related to the Watkins.

**ANSWER: In answer to Paragraph 66, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

67. On information and belief, Bethany did not prepare a pre-adoption assessment report related to the Watkins adopting HRW.

**ANSWER: In answer to Paragraph 67, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

68.     Through discussions with Bethany, the Watkins again specified, among other things, that they would not be in a position to adopt a child with sexual behavior or other high risk issues.

**ANSWER: In answer to Paragraph 68, Defendants deny the allegations in the manner and form stated.**

69.     Contrary to that specification and unbeknownst to the Watkins, Bethany placed a child with sexual behavior issues, HRW, with the Watkins for adoption.

**ANSWER: In answer to Paragraph 69, Defendants deny the allegations in the manner and form stated.**

70.     Bethany was responsible for, among other things, providing all family, medical, psychological, and other information related to HRW necessary for the Watkins to make an informed decision regarding such an adoption.   Additionally, Bethany was responsible for holding a full disclosure meeting/adoption conference with the Watkins so that the Watkins could make an informed decision about the adoption.

**ANSWER: In answer to Paragraph 70, Defendants deny the allegations in the manner and form stated.**

71.     Bethany failed to provide the Watkins with relevant family, medical, psychological, and other information regarding HRW at any point in time prior to the adoption. Bethany likewise failed to hold a full disclosure meeting/adoption conference with the Watkins.

**ANSWER: In answer to Paragraph 71, Defendants deny the allegations in the manner and form stated.**

72. The Kent County Circuit Court authorized and ordered the (continued) placement of HRW in the Watkins' home for pre-adoption purposes on November 16, 2017 ("Placement Order"). A true and correct copy of the Placement Order is attached hereto as Exhibit B and is hereby fully incorporated herein by reference.

**ANSWER: In answer to Paragraph 72, Defendants admit the allegations contained therein.**

73. The Placement Order, among other things, ordered that HRW was to be supervised by Bethany in the Watkins' home from the date of placement by the Court -- November 16, 2017 -- through the date on which HRW was adopted by the Watkins.

**ANSWER: In answer to Paragraph 73, Defendants admit as a partial description of the order.**

74. Bethany failed to adequately provide the supervision of HRW ordered by the Placement Order.

**ANSWER: In answer to Paragraph 74, Defendants deny the allegations contained therein.**

75. By Case Service Plan, dated December 7, 2017, Bethany falsely reported that it had held a full disclosure meeting/adoption conference with the Watkins. This December 7, 2017 Case Service Plan was not provided to the Watkins until January 2021.

**ANSWER: In answer to Paragraph 75, Defendants deny the allegations contained therein.**

76. The Watkins adopted HRW on February 6, 2018.

**ANSWER: In answer to Paragraph 76, Defendants admit the allegations contained therein.**

77. The adoption of HRW by the Watkins was ordered by the Kent County Circuit Court in the State of Michigan on February 6, 2018. A true and correct copy of the February 6, 2018 Adoption Order is attached hereto as Exhibit C and is hereby fully incorporated herein by reference.

**ANSWER: In answer to Paragraph 77, Defendants admit the allegations contained therein.**

78. Prior to the Watkins' February 6, 2018 adoption of HRW, Bethany failed to disclose to the Watkins HRW's deep-rooted psychological and behavioral health and safety issues and the accompanying severe and debilitating physical, psychological, and emotional threat that these issues posed to HRW, herself, and to others around her, including, but not limited to, other children.

**ANSWER: In answer to Paragraph 78, Defendants deny the allegations in the manner and form stated.**

79. Had the Watkins been aware of HRW's deep-rooted psychological and behavioral health and safety issues prior to their adoption of HRW, the Watkins would not have adopted HRW.

**ANSWER: In answer to Paragraph 79, Defendants deny the allegations in the manner and form stated.**

80. Had the Watkins been aware of the severe and debilitating physical, psychological, and emotional threat that HRW posed to HRW, herself, and to others around her, including, but not limited to, other children, the Watkins would not have adopted HRW.

**ANSWER: In answer to Paragraph 80, Defendants deny the allegations in the manner and form stated.**

81. The adoption of HRW by the Watkins as ordered by the Kent County Circuit Court on February 6, 2018, was recommended and approved by Bethany.

**ANSWER: In answer to Paragraph 81, Defendants admit the allegations contained therein.**

82. Unbeknownst to the Watkins, on information and belief, HRW secretly physically, sexually, psychologically, and emotionally abused herself, EHW, JWW, JMW, and possibly others between August 1, 2016, and February 6, 2018.

**ANSWER: In answer to Paragraph 82, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

83. Unbeknownst to the Watkins, on scores and scores of occasions – and, as the passing of time reveals, perhaps more than that – between February 6, 2018, and February 24, 2020, HRW secretly physically, sexually, psychologically, and emotionally abused herself, EHW, JWW, JMW, and possibly others.

**ANSWER: In answer to Paragraph 83, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

84. The Watkins first discovered the aforementioned abuse in January 2020.

**ANSWER: In answer to Paragraph 84, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

85. As soon as they discovered the abuse, the Watkins reported it to Bethany.

**ANSWER: In answer to Paragraph 85, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

86. In response, Bethany told the Watkins that Bethany had been unaware of any sexual abuse in HRW's history and background at the time of HRW's adoption.

**ANSWER: In answer to Paragraph 86, Defendants deny the allegations in the manner and form stated.**

87. The Watkins continued to seek help from Bethany, and Bethany eventually stopped returning the Watkins' calls and stopped responding to the Watkins' emails.

**ANSWER: In answer to Paragraph 87, Defendants deny the allegations in the manner and form stated, except that Bethany did cease communications with Plaintiffs after Plaintiffs revealed they had sought legal counsel.**

88.     Since the discovery of the abuse, the Watkins have been working to provide the care to HRW, EHW, JWW, JMW, and LRW that they need.

**ANSWER: In answer to Paragraph 88, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

89.     In addition, in the months subsequent to the February 6, 2018 adoption, the Watkins expressed concerns to Bethany about the medical, psychological, and emotional condition and behavior of HRW.  Bethany provided no meaningful referrals, recommendations, or advice pertaining to diagnosing and/or treating HRW's specific medical, psychological, and emotional symptoms and condition even though Bethany, unlike the Watkins, had the specific information about HRW's medical, psychological, and emotional condition through the April 20, 2016 psychological evaluation, HRW's case file, and other materials.

**ANSWER: In answer to Paragraph 89, Defendants deny the allegations in the manner and form stated.**

90.     On or about February 24, 2020, HRW was placed in a specialty school at Teen Challenge in Alabama to help address her deep-rooted psychological and behavioral health and safety issues and to protect the younger Watkin children.

**ANSWER: In answer to Paragraph 90, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

91.     In August 2020, the Watkins discovered more abuse that had taken place at the hands of HRW.  The Watkins reported the abuse to Bethany, to the police, and to the Colorado Department of Child Protective Services.

**ANSWER: In answer to Paragraph 91, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

92.     In this instance, after being informed of the details of the abuse, the Bethany Director of Child Welfare Services responded "I don't see it."

**ANSWER: In answer to Paragraph 92, Defendants deny the allegations in the manner and form stated.**

93.     The Watkins, HRW, EHW, JWW, JMW, and possibly others, suffered profound physical, psychological, and emotional damages and trauma as a result of HRW's physical, sexual, psychological, and emotional abuse.

**ANSWER: In answer to Paragraph 93, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

94.     The Watkins, HRW, EHW, JWW, and JMW have received psychiatric, psychological, and other medical treatment and counseling to address the trauma, injuries, and damages they each suffered as a result of HRW's condition and her physical, sexual, psychological, and emotional abuse.

**ANSWER: In answer to Paragraph 94, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

95.     The Watkins, HRW, EHW, JWW, and JMW will require significant additional psychiatric, psychological, and other medical treatment and counseling in the future to continue to address the trauma, injuries, and damages they each suffered as a result of HRW's condition and her physical, sexual, psychological, and emotional abuse.

**ANSWER: In answer to Paragraph 95, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

96.     The Watkins have suffered/incurred additional financial expenses and damages as a result of HRW's condition and her physical, sexual, psychological, and emotional abuse.  Such expenses and damages include, but are not limited to:

     a.  Expense for HRW's schooling;
     b.  Travel expenses; and
     c.  Lost income.

**ANSWER: In answer to Paragraph 96, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

97.     The Watkins will continue to incur additional financial expenses related to the items identified in the preceding paragraph in the future.

**ANSWER: In answer to Paragraph 97, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

98.     For the remainder of her life, HRW will continue to suffer severe psychological and emotional deficiencies that will need to be treated.

**ANSWER: In answer to Paragraph 98, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

99.     The Watkins have incurred, and will continue to incur, considerable expenses to provide the necessary care for HRW throughout the remainder of her life.

**ANSWER: In answer to Paragraph 99, Defendants are not in possession of sufficient information to either admit or deny the allegation and therefore leave Plaintiffs to their proofs.**

100.     Bethany falsely represented that it had provided the Watkins with HRW's case file in November 2017.

**ANSWER: In answer to Paragraph 100, Defendants deny the allegations contained therein.**

101.     In fact, Bethany did not provide what it represented to be HRW's case file to the Watkins until mid-April 2018.

**ANSWER: In answer to Paragraph 101, Defendants deny the allegations in the manner and form stated.**

102.     Bethany falsely represented that it had provided the Watkins with Bethany's Initial Service Plan dated April 13, 2016, and Updated Service Plans dated July 12, 2016, October 4, 2016, December 27, 2016, March 20, 2017, June 16, 2017, and September 8, 2017.

**ANSWER: In answer to Paragraph 102, Defendants deny the allegations contained therein.**

103.     Bethany did not provide the Initial Service Plan and the Updated Service Plans identified in the previous paragraph to the Watkins until April 2018.

**ANSWER: In answer to Paragraph 103, Defendants deny the allegations in the manner and form stated.**

104.     The Watkins reasonably expected Bethany to provide information relevant to HRW's background and condition and relied on Bethany in proceeding with the adoption, having been led to believe that, if information relevant to HRW's background and condition existed, Bethany would have informed the Watkins accordingly.

**ANSWER: In answer to Paragraph 104, Defendants deny the allegations in the manner and form stated.**

105.     Had the Watkins been accurately informed of all of the information relevant to HRW's background and condition that was reasonably available to Bethany at the times during which Bethany interacted with the Watkins, the Watkins would neither have pursued, nor provided foster care for HRW.

**ANSWER: In answer to Paragraph 105, Defendants deny the allegations in the manner and form stated.**

106.     Had the Watkins been accurately informed of all of the information relevant to HRW's background and condition that was reasonably available to Bethany at the times during which Bethany interacted with the Watkins, the Watkins would neither have pursued, nor completed, the adoption of HRW.

**ANSWER: In answer to Paragraph 106, Defendants deny the allegations in the manner and form stated.**

107.     Further, had Bethany provided appropriate post adoption assistance to the Watkins, HRW's condition could have been fully diagnosed and understood earlier, such that more appropriate treatment may have been provided to HRW at an earlier stage in her life and many of the damages suffered as set forth above could have been avoided.

**ANSWER: In answer to Paragraph 107, Defendants deny the allegations in the manner and form stated.**

## COUNT I

108. Plaintiffs hereby incorporate by reference paragraphs 1 through 107 above as if the same were fully set forth herein.

**ANSWER: In answer to Paragraph 108, Defendants incorporate each and every prior response by reference as if more fully set forth herein.**

109. The statements and representations made to the Watkins by Bethany relating to HRW, including, but not limited to, the multiple statements and representations that HRW was not a threat to others, the representations that Bethany was unaware of any sexual abuse in HRW's history and background at the time of HRW's adoption, the representation that HRW's issues were "no big deal," the representation that HRW's issues would "go away once she had the stability of an adoptive family," and the representation that Bethany held a full disclosure meeting/adoption conference with the Watkins were material, relevant, and/or related in substance to the Watkins' decision to provide foster care to HRW and to the Watkins' decision to pursue and complete the adoption of HRW.

**ANSWER: In answer to Paragraph 109, Defendants deny the allegations in the manner and form stated.**

110. The foregoing statements and representations made to the Watkins by Bethany relating to HRW were false, inaccurate, misleading, and/or materially incomplete.

**ANSWER: In answer to Paragraph 110, Defendants deny the allegations contained therein.**

111. Bethany made the foregoing statements and representations knowing that they were false, inaccurate, misleading, and/or materially incomplete.

**ANSWER: In answer to Paragraph 111, Defendants deny the allegations contained therein.**

112. Bethany made the foregoing false, inaccurate, misleading, and/or materially incomplete statements and representations intending that the Watkins rely on them.

**ANSWER: In answer to Paragraph 112, Defendants deny the allegations contained therein.**

113.    The Watkins reasonably and justifiably relied on the foregoing false, inaccurate, misleading, and/or materially incomplete statements and representations and did so to the significant detriment of the Watkins, HRW, EHW, JWW, JMW, and LRW.

**ANSWER: In answer to Paragraph 113, Defendants deny the allegations contained therein.**

114.    The Watkins, HRW, EHW, JWW, JMW, and LRW suffered trauma, injuries, and damages, as a result.

**ANSWER: In answer to Paragraph 114, Defendants deny the allegations contained therein.**

*115.    Paragraph 115 was omitted from Plaintiffs' Complaint.*

116.    Bethany had a duty, by operation of law and/or by assuming the same, to disclose to the Watkins full, complete, and accurate information pertaining to HRW, her background, and her condition, including, but not limited to: a.) the family, medical, psychological, history, and background records, documents, and information pertaining to HRW and her condition; b.) the information that HRW suffered from deep-rooted psychological and behavioral health and safety issues and that, because of these issues, HRW constituted a severe and debilitating physical, psychological, and emotional threat to herself, and to others around her, including, but not limited to, other children; c.) the information from HRW's foster placement from March 2016 through July 2016 set forth herein; d.) the substance of HRW's case file; and e.) the substance of the April 20, 2016 psychological evaluation identified herein.  Bethany had a duty to disclose this information to the Watkins prior to placing HRW in foster care with the Watkins, and also prior to placing HRW with the Watkins for adoption, and also prior to the February 6, 2018 adoption hearing.

**ANSWER: In answer to Paragraph 116, Defendants admit that certain duties were owed, but deny that any duties were breached.**

117. Between at least August 1, 2016, and mid-April 2018, Bethany withheld from the Watkins: a.) the family, medical, psychological, history, and background records, documents, and information pertaining to HRW and her condition; b.) the information that HRW suffered from deep-rooted psychological and behavioral health and safety issues and that, because of these issues, HRW constituted a severe and debilitating physical, psychological, and emotional threat to herself, and to others around her, including, but not limited to, other children; c.) the information from HRW's foster placement from March 2016 through July 2016 set forth herein; d.) the substance of HRW's case file; and e.) the substance of the April 20, 2016 psychological evaluation identified herein.

**ANSWER: In answer to Paragraph 117, Defendants deny the allegations contained therein.**

118. Bethany withheld the foregoing information from the Watkins until at least April 2018 knowing that the Watkins were relying on Bethany to timely provide the Watkins with full, complete, and accurate information pertaining to HRW prior to the placement of HRW with the Watkins as a foster child, prior to the placement of HRW with the Watkins for adoption, and prior to the February 6, 2018 adoption hearing.

**ANSWER: In answer to Paragraph 118, Defendants deny the allegations contained therein.**

119. The information withheld by Bethany was material, relevant, and critical to the Watkins' decisions to provide foster care for HRW and to adopt HRW. The withholding of the information was a falsehood, and it created a false, inaccurate, misleading, and/or materially incomplete set of "facts" for the Watkins.

**ANSWER: In answer to Paragraph 119, Defendants deny the allegations contained therein.**

120. This withholding of information by Bethany materially breached Bethany's duties to disclose the requisite full, complete, and accurate information pertaining to HRW, her background, and her condition to the Watkins.

**ANSWER: In answer to Paragraph 120, Defendants deny the allegations contained therein.**

121.  As a proximate result of Bethany's breach, the Watkins, HRW, EHW, JWW, JMW, and LRW suffered trauma, injuries, and damages.

**ANSWER: In answer to Paragraph 121, Defendants deny the allegations contained therein.**

122.  At the time that Bethany withheld the full, complete, and accurate information pertaining to HRW and her background and condition from the Watkins, and prior to placing HRW in foster care with the Watkins, and prior to placing HRW with the Watkins for adoption, and prior to the February 6, 2018 adoption hearing, Bethany knew that its withholding of this information constituted and created a false, inaccurate, misleading, and/or materially incomplete representation of HRW's background and condition to the Watkins.

**ANSWER: In answer to Paragraph 122, Defendants deny the allegations contained therein.**

123.  At the time that Bethany withheld full, complete, and accurate information pertaining to HRW, her background, and her condition from the Watkins, Bethany did so intending that the Watkins rely on Bethany and the totality of the information that Bethany had in fact disclosed to the Watkins.  Bethany was fully aware of the Watkins' reasonable expectation to receive full, complete, and accurate information pertaining to HRW, her background, and her condition.

**ANSWER: In answer to Paragraph 123, Defendants deny the allegations contained therein**

124.  The Watkins reasonably and justifiably relied on Bethany's actions even though those actions included the withholding of information pertaining to HRW, her background, and her condition, and the Watkins did so to the significant detriment of the Watkins, HRW, EHW, JWW, JMW, and LRW.  The Watkins, HRW, EHW, JWW, JMW, and LRW were traumatized, injured, and damaged as a result.

**ANSWER: In answer to Paragraph 124, Defendants deny the allegations contained therein.**

125. The issuance of the foregoing statements and representations by Bethany to the Watkins, as well as the act of withholding full, complete, and accurate information pertaining to HRW, her background, and her condition from the Watkins induced the Watkins to proceed with and complete both the foster care and the adoption of HRW.

**ANSWER: In answer to Paragraph 125, Defendants deny the allegations contained therein.**

126. Through the foregoing statements, representations, and omissions, Bethany exhibited a reckless disregard for the interests of HRW and the Watkins.

**ANSWER: In answer to Paragraph 126, Defendants deny the allegations contained therein.**

127. The Watkins reasonably and justifiably relied on the statements, representations, and omissions made by Bethany because, in part, Bethany was the Watkins' adoption specialist and agent, and because, in part, Bethany had informed the Watkins that full, complete, and accurate information regarding HRW's background and condition would be provided to them.

**ANSWER: In answer to Paragraph 127, Defendants deny the allegations contained therein.**

128. But for Bethany's aforementioned false, inaccurate, misleading, and/or materially incomplete statements, representations, and omissions, the Watkins would not have proceeded with or completed the foster care of HRW.

**ANSWER: In answer to Paragraph 128, Defendants deny the allegations contained therein.**

129. But for Bethany's aforementioned false, inaccurate, misleading, and/or materially incomplete statements, representations, and omissions, the Watkins would not have proceeded with or completed the adoption of HRW.

**ANSWER: In answer to Paragraph 129, Defendants deny the allegations contained therein.**

130. As a direct and proximate result of the false, inaccurate, misleading, and/or materially incomplete statements, representations, and omissions of Bethany, the Watkins have suffered, and will continue to further suffer, trauma, injuries, and damages, including, but not

limited to, the costs of past, present, and future medical, physical, psychiatric, psychological, emotional, and educational care and treatment for HRW, the Watkins, EHW, JWW., JMW, LRW, and/or others.

**ANSWER: In answer to Paragraph 130, Defendants deny the allegations contained therein.**

131. As a further direct and proximate result of the false, inaccurate, misleading, and/or materially incomplete statements, representations, and omissions of Bethany, the Watkins, HRW, EHW, JWW, JMW, and/or LRW were damaged in that they were denied their right to make an informed choice as to whether or not to proceed with the adoption of HRW. Had Bethany fully and accurately disclosed to the Watkins the complete information regarding HRW's background and condition, as set forth herein, the Watkins would neither have proceeded with, nor completed, the foster care of HRW or the adoption of HRW.

**ANSWER: In answer to Paragraph 131, Defendants deny the allegations contained therein.**

132. The failure of Bethany to provide the Watkins with full, complete, and accurate information pertaining to HRW, her background, and her condition was fraudulent.

**ANSWER: In answer to Paragraph 132, Defendants deny the allegations contained therein.**

<u>**COUNT II**</u>

133. Plaintiffs hereby incorporate by reference paragraphs 1 through 132 above as if the same were fully set forth herein.

**ANSWER: In answer to Paragraph 133, Defendants incorporate each and every prior response by reference as if more fully set forth herein.**

134. Bethany, in the course of performing its work as an adoption agency, made the aforementioned statements and representations relating to HRW to the Watkins, including, but not limited to, Bethany's multiple statements and representations that HRW was not a threat to

others, the representations that Bethany was unaware of any sexual abuse in HRW's history and background at the time of HRW's adoption, the representation that HRW's issues were "no big deal," the representation that HRW's issues would "go away once she had the stability of an adoptive family," and the representation that Bethany held a full disclosure meeting/adoption conference with the Watkins.

**ANSWER: In answer to Paragraph 134, Defendants deny the allegations in the manner and form stated.**

135. The foregoing statements and representations made to the Watkins by Bethany were false, inaccurate, misleading, and/or materially incomplete.

**ANSWER: In answer to Paragraph 135, Defendants deny the allegations contained therein.**

136. The foregoing false, inaccurate, misleading, and/or materially incomplete statements and representations by Bethany were material, relevant, and/or related in substance to the Watkins' decisions to provide foster care for HRW and to adopt HRW.

**ANSWER: In answer to Paragraph 136, Defendants deny the allegations contained therein.**

137. Bethany made the foregoing false, inaccurate, misleading, and/or materially incomplete statements and representations without reasonable care and/or recklessly.

**ANSWER: In answer to Paragraph 137, Defendants deny the allegations contained therein.**

138. Bethany made the foregoing false, inaccurate, misleading, and/or materially incomplete statements and representations knowing and/or intending that the Watkins would rely on them.

**ANSWER: In answer to Paragraph 138, Defendants deny the allegations contained therein.**

139. The Watkins reasonably and justifiably relied on the foregoing false, inaccurate, misleading, and/or materially incomplete statements and representations and did so to the significant detriment of the Watkins, HRW, EHW, JWW, JRW, and LRW.

**ANSWER: In answer to Paragraph 139, Defendants deny the allegations contained therein.**

140.     The Watkins, HRW, EHW, JWW, JMW, and LRW suffered trauma, injuries, and damages as set forth herein, as a result.

**ANSWER: In answer to Paragraph 140, Defendants deny the allegations contained therein.**

141.     Between at least August 1, 2016, and mid-April 2018, Bethany, in the course of performing its work as an adoption agency, withheld from the Watkins critical information regarding HRW's background and condition, including, but not limited to, information that HRW suffered from deep-rooted psychological and behavioral health and safety issues and that, because of these issues, HRW constituted a severe and debilitating physical, psychological, and emotional threat to herself, and to others around her, including, but not limited to, other children, and the information from HRW's foster placement from March 2016 through July 2016 set forth herein.

**ANSWER: In answer to Paragraph 141, Defendants deny the allegations contained therein.**

142.     The information withheld was material, relevant, and critical to the Watkins' decisions to provide foster care for HRW and to adopt HRW.  The withholding of the information was a falsehood, and it created a false, inaccurate, misleading, and/or materially incomplete set of "facts" for the Watkins.

**ANSWER: In answer to Paragraph 142, Defendants deny the allegations contained therein.**

143.     Bethany's withholding of the information and the creation of a false, inaccurate, misleading, and/or materially incomplete set of "facts" for the Watkins was done without reasonable care and/or recklessly.

**ANSWER: In answer to Paragraph 143, Defendants deny the allegations contained therein.**

144. Bethany represented to the Watkins that the Watkins had been provided with all information related to HRW's background and condition at multiple points during the Watkins' foster care of HRW and prior to the February 6, 2018 adoption of HRW.

**ANSWER: In answer to Paragraph 144, Defendants deny the allegations contained therein.**

145. This representation was material, relevant, and critical to the Watkins' decisions to provide foster care for HRW and to adopt HRW. This representation was also false, inaccurate, misleading, and/or materially incomplete.

**ANSWER: In answer to Paragraph 145, Defendants deny the allegations contained therein.**

146. This representation was made without reasonable care and/or recklessly.

**ANSWER: In answer to Paragraph 146, Defendants deny the allegations contained therein.**

147. At the time that Bethany withheld critical information regarding HRW's background and condition from the Watkins, and at the time that Bethany represented that the Watkins had been provided with all information related to HRW's background and condition, Bethany undertook these actions knowing and/or intending that the Watkins rely on them.

**ANSWER: In answer to Paragraph 147, Defendants deny the allegations contained therein.**

148. The Watkins reasonably and justifiably relied on Bethany's actions even though those actions included the withholding of critical information regarding HRW's background and condition. The Watkins also reasonably and justifiably relied on Bethany's representation that the Watkins had been provided with all information related to HRW's background and condition. The Watkins so relied to the significant detriment of the Watkins, HRW, EHW, JWW, JMW, and LRW.

**ANSWER: In answer to Paragraph 148, Defendants deny the allegations contained therein.**

149. The Watkins, HRW, EHW, JWW, JMW, and LRW were traumatized, injured, and damaged as set forth herein, as a result.

**ANSWER: In answer to Paragraph 149, Defendants deny the allegations contained therein.**

## COUNT III

150.     Plaintiffs hereby incorporate by reference paragraphs 1 through 149 above as if the same were fully set forth herein.

**ANSWER: In answer to Paragraph 150, Defendants incorporate each and every prior response by reference as if more fully set forth herein.**

151.     Bethany owed duties to the Watkins, HRW, EHW, JWW, JMW, and LRW to provide the Watkins with all family, medical, psychological, history, and background records, documents, and  information pertaining to HRW and her condition prior to the Watkins undertaking the foster care of HRW and also prior to the adoption of HRW.

**ANSWER: In answer to Paragraph 151, Defendants admit that certain duties were owed, but deny that any duties were breached.**

152.     Bethany negligently and materially breached these duties.

**ANSWER: In answer to Paragraph 152, Defendants deny the allegations contained therein.**

153.     The Watkins, HRW, EHW, JWW, JMW, and LRW suffered trauma, injuries, and damages as a result of Bethany's negligence and material breach as set forth above.

**ANSWER: In answer to Paragraph 153, Defendants deny the allegations contained therein.**

154.     Bethany is liable to the Watkins, EHW, JWW, JMW, and LRW for the trauma, injuries, and damages they suffered.

**ANSWER: In answer to Paragraph 154, Defendants deny the allegations contained therein.**

## COUNT IV

155.     Plaintiffs hereby incorporate by reference paragraphs 1 through 154 above as if the same were fully set forth herein.

**ANSWER: In answer to Paragraph 155, Defendants incorporate each and every prior response by reference as if more fully set forth herein.**

156. Bethany owed duties to the Watkins, HRW, EHW, JWW., JMW, and LRW to provide the Watkins with the family, medical, psychological, history, and background records, documents, and information pertaining to HRW and her condition that were in Bethany's possession, custody, or control and to do so within a reasonable amount of time.

**ANSWER: In answer to Paragraph 156, Defendants admit that certain duties were owed, but deny that any duties were breached.**

157. Within a reasonable amount of time in this case meant, at a minimum, prior to Bethany's placement of HRW under the foster care of the Watkins, and also prior to Bethany's placement of HRW with the Watkins for adoption, and also prior to the February 6, 2018 adoption hearing.

**ANSWER: In answer to Paragraph 157, Defendants deny the allegations in the manner and form stated.**

158. Bethany failed to furnish the Watkins with the family, medical, psychological, history, and background records, documents, and information pertaining to HRW and her condition prior to placing HRW with the Watkins for adoption, and also prior to the February 6, 2018 adoption hearing.

**ANSWER: In answer to Paragraph 158, Defendants deny the allegations contained therein.**

159. In so doing, Bethany materially breached its duties to the Watkins, HRW, EHW, JWW, JMW, and LRW.

**ANSWER: In answer to Paragraph 159, Defendants deny the allegations contained therein.**

160. As a proximate result of Bethany's breach, the Watkins, HRW, EHW, JWW, JMW, and LRW suffered trauma, injuries, and damages.

**ANSWER: In answer to Paragraph 160, Defendants deny the allegations contained therein.**

161.     As a licensed adoption agency in the State of Michigan providing services to children and families, Bethany owed a duty to the Watkins, HRW, EHW, JWW, JMW, and LRW to fully and accurately disclose the family, medical, psychological, history, and background records, documents, and information pertaining to HRW and her condition.

**ANSWER: In answer to Paragraph 161, Defendants deny the allegations contained therein.**

162.     Bethany undertook and separately assumed the same duty to the Watkins, HRW, EHW, JWW, JMW, and LRW based on Bethany's representations to the Watkins that Bethany would provide the Watkins with all information relevant to HRW and all information needed to help care for Hannah.

**ANSWER: In answer to Paragraph 162, Defendants deny the allegations contained therein.**

163.     Bethany materially breached, and negligently failed to fulfill, its duty to fully and accurately disclose the family, medical, psychological, history, and background records, documents, and information pertaining to HRW and her condition to the Watkins, including, but not limited to, the April 20, 2016 psychological evaluation, HRW's case file, and the information from HRW's foster placement from March 2016 through July 2016 set forth herein at any point prior to the February 6, 2018 adoption.

**ANSWER: In answer to Paragraph 163, Defendants deny the allegations contained therein.**

164.     Bethany's material breach of duty and negligent failures proximately caused the Watkins, HRW, EHW, JWW, JMW, and LRW to suffer trauma, injuries, and damages.

**ANSWER: In answer to Paragraph 164, Defendants deny the allegations contained therein.**

165.     Bethany is liable to the Watkins, HRW, EHW, JWW, JMW, and LRW for the trauma, damages and injuries suffered.

**ANSWER: In answer to Paragraph 165, Defendants deny the allegations contained therein.**

Respectfully submitted,

ZAUSMER, P.C.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorney for Defendants
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111/Fax: (248) 851-0100
cgetto@zausmer.com

Dated: May 25, 2021

## AFFIRMATIVE DEFENSES

NOW COME the Defendants BETHANY CHRISTIAN SERVICES, a Michigan Corporation, BETHANY CHRISTIAN SERVICES, INC., a Michigan Corporation, BETHANY CHRISTIAN SERVICES OF MICHIGAN, a Michigan Corporation, BETHANY CHRISTIAN SERVICES, USA, LLC, a Michigan Limited Liability Company, BETHANY CHRISTIAN SERVICES GLOBAL, LLC, a Michigan Limited Liability Company, and BETHANY CHRISTIAN SERVICES INTERNATIONAL, INC., a Michigan Corporation ("Defendants") by and through their attorneys, ZAUSMER, P.C., and for their Affirmative Defenses list the following:

1. The court may or does lack subject matter jurisdiction over one or more claims because the matters asserted involve issues that a state court already ruled on, and all appellate deadlines to challenge those rulings are now expired.

2. Plaintiffs have failed to state a claim upon which relief may be granted.

3. The statute of limitations is or may be expired as to one or more of Plaintiffs' claims.

4.       One or more of Plaintiffs' claims is barred by the doctrine of res judicata and/or collateral estoppel.

5.       One or more of Plaintiffs' claims is barred by one or more immunities.

6.       To the extent that the claims asserted are against licensed mental health professionals in their roles as clinical professionals, Plaintiffs have failed to submit the proper Notice of Intent under Michigan law, failed to wait the required amount of time before filing, and failed to submit an Affidavit of Merit with the Complaint.

7.       Plaintiffs' claims are barred by a written release.  **Exhibit A**.

8.       One or more Plaintiffs were not damaged in the manner claimed.

9.       One or more of the Plaintiffs lacks the capacity to sue.

10.      Plaintiffs' claims are based on risks they assumed.

11.      Plaintiffs' claims are barred or reduced by principles of comparative and/or contributory fault and/or negligence.

12.      Plaintiffs are estopped from pursuing one or more of their claims.

13.      Plaintiffs' claims are enjoined by the statute of frauds.

14.      Plaintiffs have failed to sue the correct entities.

15.      Plaintiffs have failed to mitigate their damages.

16.      Defendants reserve the right to amend these affirmative defenses as additional defenses become known to them.

Respectfully submitted,

ZAUSMER, P.C.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorney for Defendants
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111/Fax: (248) 851-0100
cgetto@zausmer.com

Dated: May 25, 2021

## RELIANCE ON JURY DEMAND

NOW COME the Defendants BETHANY CHRISTIAN SERVICES, a Michigan Corporation, BETHANY CHRISTIAN SERVICES, INC., a Michigan Corporation, BETHANY CHRISTIAN SERVICES OF MICHIGAN, a Michigan Corporation, BETHANY CHRISTIAN SERVICES, USA, LLC, a Michigan Limited Liability Company, BETHANY CHRISTIAN SERVICES GLOBAL, LLC, a Michigan Limited Liability Company, and BETHANY CHRISTIAN SERVICES INTERNATIONAL, INC., a Michigan Corporation ("Defendants") by and through their attorneys, ZAUSMER, P.C., and hereby rely upon the jury demand filed in the above-entitled cause of action.

Respectfully submitted,

ZAUSMER, P.C.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorneys for Defendants
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111/Fax: (248) 851-0100
cgetto@zausmer.com

Dated: May 25, 2021

**<u>CERTIFICATE OF SERVICE</u>**

CAMERON R. GETTO, deposes and states that on the 25th day of May, 2021, I electronically filed the foregoing Defendants' Answer to Plaintiffs' First Amended Verified Complaint, Affirmative Defenses, Reliance On Jury Demand and this Certificate of Service with the Clerk of the Court using the Case Management/ Electronic Case Filing (CM/ECF) system which will send notification of such filing to all attorneys of record at their respective email addresses.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorney for Defendants

# EXHIBIT
# A

# Bethany Christian Services USA, LLC
## Adoption Release and Consent Form

I/We are interested in pursuing adoption and in contracting with Bethany Christian Services of _Grand Rapids_ (Bethany) to provide specific services related to adoption. I/We understand that there are significant risks associated with adoption that are outside of the control of Bethany including, but not limited to:

Please Initial

1. The timing or success of an adoptive placement;     _BW_   _SW_

2. The physical, medical, behavioral, emotional, developmental, intellectual, or other conditions of the child we are seeking to adopt;     _BW_   _SW_

3. The completeness, accuracy, or limitations of the child's history including, but not limited to, information about the biological family, prenatal care, medical care or conditions, social history, age, or emotional adjustment;     _BW_   _SW_

4. The prognosis for the physical, medical, behavioral, emotional, intellectual, or other development of a child we adopt or costs incurred in treatment of any conditions;     _BW_   _SW_

5. The impact on the adoption process of other persons including, but not limited to, birthparents, other adoption agencies, governmental agencies, foster care providers, and medical care providers;     _BW_   _SW_

6. The impact on cost, timing, and completion of adoption of such persons or entities.     _BW_   _SW_

I/We understand that Bethany will share all information in its possession which it is authorized to share regarding the child and the biological family unless prohibited by applicable state and/or federal law.

I/We understand that in using Bethany for adoption services I/we may receive confidential information about children and their biological families. Confidential Information or "C.I." may include, but is not limited to, identifying information such as names, birthdates, addresses, social security numbers or personal identification numbers, photographs, videos, and health information. By signing below, I/we agree to keep all "C.I." regarding children and their biological families strictly confidential and I/We will not disclose or publish "C.I." in any way, including making posts on social media or otherwise sharing the "C.I." with other people or agencies, unless required or allowed by court or law. I/We also agree to return any "C.I.", including copies of documents containing "C.I." to Bethany at Bethany's request. Upon legal finalization of adoption, adoptive parents may share "C.I." regarding their adopted child as they deem appropriate.

I/We understand that our participation in the adoption process is entirely voluntary. I/We have been given an opportunity to ask questions regarding the expected benefits and risks that may occur during this process and all of our questions have been answered to our

satisfaction. I/We are choosing to proceed with adoption and our contract or agreement with Bethany to provide adoption-related services.

I/We release Bethany from all costs and liability that may result from the timing, success of the adoption process and any physical, medical, behavioral, emotional, developmental, intellectual, or other conditions of the child we are seeking to adopt. The sole responsibility of Bethany to us is limited to reimbursement of fees paid in the event of contracted-for services not being provided or the failure to disclose authorized information in its possession.

_____     _____
Adoptive Father                                                              Date   11/8/17

_____     _____
Adoptive Mother                                                             Date   11/8/17

_____     _____
Agency Representative/Credentials                                Date   11/8/2017

COA: AS 13

Approved: 10/17/08 by TQM
Revised/Approved: 4/27/10 by TQMC
Revised/Approved: 4/15/2015 by PQI Committee